[Cite as *Cordes v. Cordes*, 2024-Ohio-3435.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ERIK CORDES, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| PAIGE CORDES nka WEAVER, | : | Case No. 2024CA00012 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Stark County Court
of Common Pleas, Family Court
Division, Case No. 2020 DR 00920


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    September 6, 2024


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

ARNOLD F. GLANTZ    JAMES J. ONG
2722 Whipple Ave NW    201 North Main Street
Canton, Ohio 44718    Uhrichsville, Ohio 44683

*Baldwin, J.*

{¶1}   The appellant, Paige Cordes nka Weaver, appeals the decision of the trial court finding her in contempt of court. The appellee is Erik Cordes.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}   The appellant and appellee were divorced after a four-year marriage in an August 20, 2021, Judgment Entry Decree of Divorce ("Decree.") The Decree required the appellant to refinance the marital home or list it for sale by May 22, 2022; the Decree provided further that if no one bought the home within 90 days it be sold at auction. Specifically, the Decree stated:

> The parties agree the Wife, shall refinance on or before ***May 22, 2022***, and shall retain the property located at ***4910 Parkhaven Avenue NE., Canton, OH 44709***, pay the mortgage and tax assessments and shall be responsible for utilities upon said premises and maintaining the property and shall hold Husband absolutely harmless thereon. The parties further agree that the Wife shall pay $2,500.00 in early 2022 from her tax refund for her portion of the equity, and $10,000.00 additional upon refinancing, for a total of $12,500.00.
>
> ***IT IS HEREBY ORDERED, ADJUDGED AND DECREED***, shall the Wife not be able or refinance the real estate located at ***4910 Parkhaven Avenue NE., Canton, OH 44709***, by ***May 22, 2022***, then the property shall be listed for sale for 90 days. If the property is not sold in 90 days, then Kiko Auction to be ordered to auction said property and the proceeds divided equally.

> *IT IS HEREBY ORDERED, ADJUDGED AND DECREED*, that Husband shall cooperate with documents to refinance and Forbearance Program.

(Emphasis original.) In addition, the Decree stated:

> *IT IS HEREBY ORDERED, ADJUDGED AND DECREED*, that the parties shall retain any and all vehicles currently in their possession and will become solely obligated for all payments due or which may become due for the use, operation, maintenance and financing thereof, and the Wife shall hold the Husband harmless thereon.

(Emphasis original.) Thus, the Decree also required the appellant to be responsible for making timely payments on the vehicle that was in her possession.

{¶3} The appellee became aware that the appellant was not making timely car payments as required by the Decree, which negatively impacted him financially. As a result, he filed a Motion to Show Cause on November 17, 2021, in which he asked the trial court to hold the appellant in contempt for failing to make said payments. The record reflects some difficulty in getting the appellant served with the Motion.

{¶4} On January 11, 2022, the appellant filed a Motion for Contempt in which she alleged that the appellee failed and/or refused to sign and submit loan modification paperwork regarding loan on the home and was therefore in contempt of court.

{¶5} On January 25, 2022, the trial court issued a Magistrate's Order setting the matter for pretrial on March 16, 2022. On March 16, 2022, the trial court issued a Judgment Entry setting the matter for trial on June 2, 2022.

{¶6}    On May 17, 2022, the appellee filed an Amended Motion to Show Cause in which he argued that the appellant not only failed to make any car payments since May of 2021 as required by the Decree, causing him financial hardship, but also failed to pay him $2,500.00 in early 2022 from her tax refund related to the equity in the home as per the Decree. The trial court issued a Judgment Entry ordering the appellant to appear in court on June 2, 2022, to show cause why she should not be held in contempt.

{¶7}    On June 3, 2022, the trial court issued a Judgment Entry in which it found that the appellant agreed that she was in contempt; that she owed the sum of $750.00 as and for outstanding attorney fees to the appellee's attorney for the cost of pursuing the contempt; and, that she owed $1,024.00 as and for two missed car payments, to be paid directly to the appellee. The appellant withdrew her contempt allegations against the appellee.

{¶8}    The trial court ordered that the appellant was sentenced to jail for thirty days with an imposition of sentence/compliance review hearing set for December 7, 2022. The court ordered further that the appellant was to pay the car payments on a timely, monthly basis, and was to pay the loan modification payments on a timely, monthly basis. The court specifically defined the term "timely" as "when they are due or prior to the due date which will avoid the imposition of a late fee assessment." The court stated that once the appellant made the required payments for a period of twelve (12) consecutive months the contempt would be purged. Finally, the court ordered the appellant to make monthly payments of $250.00 to the appellee starting on July 15, 2022, toward the outstanding attorney fees and reimbursement fees for the missed car payments.

**{¶9}** The trial court held an imposition hearing on December 7, 2022, during which it found that the appellant's payments were being made. The court ordered that no further dates were needed; that the thirty (30) day jail sentence was suspended upon conditions being met as set forth in the June 3, 2022, Entry; and, that the purge conditions remained.

**{¶10}** On June 8, 2023, the appellee filed a Motion to Show Cause against the appellant due to her failure to refinance the house or, in the alternative, list the home for sale. In addition, the appellee filed a Motion to Set Imposition Date for the appellant for her failure to comply with the Decree. The trial court scheduled the matter for hearing on October 16, 2023.

**{¶11}** The hearing proceeded as scheduled, and on October 20, 2023, a Magistrate's Decision was issued by the trial court. In her Decision, the Magistrate held the appellant in contempt for failing to abide by the Decree's "clear" requirement that she refinance or list the marital home for sale by May 22, 2022. The appellant opposed contempt, arguing that the appellee stalled the loan modification process. The Magistrate, after hearing the testimony of the parties and reviewing the evidence, determined that the appellant's allegation was not true because the appellee signed the necessary paperwork and, in any case, it did not alter the fact that the house was to be listed for sale if she could not refinance within the specified time. The Magistrate therefore sentenced the appellant to sixty (60) days in jail but ordered her to "immediately list the house for sale and adhere to the court orders contained in the divorce decree for next steps if the house is not sold within 90 days."

{¶12} In addition, the Magistrate found that the appellant had failed to "make her car payments when they were due." The Magistrate rejected the appellant's argument that the payments were still timely as long as she made them within the grace period and therefore avoided late fees, since the trial court had previously defined "timely payments" to be on or before the due date.

{¶13} The Magistrate scheduled a hearing on November 7, 2023, to impose sentence for the appellant's failure to make timely car payments and to follow up regarding the appellant's compliance with the court's order to immediately list the marital home for sale. However, the November 7, 2023, hearing did not go forward because the appellant filed Written Objections to October 20, 2023, Magistrate's Decision.

{¶14} The trial court conducted a hearing on November 21, 2023, on the appellant's Objections, and heard arguments from the parties. Based upon that hearing, and a review of the transcript of the October 16, 2023, hearing before the Magistrate, as well as the June 3, 2022 Judgment Entry, the trial court overruled the appellant's objections and approved and adopted the Magistrate's Decision.

{¶15} The appellant filed a timely appeal in which she sets forth the following three assignments of error:

{¶16} "I. THE LOWER COURT ERRED IN DETERMINING THAT THE APPELLANT HAD FAILED TO SATISFY PURGE CONDITIONS ESTABLISHED THROUGH THE JUNE 2, 2022 JUDGMENT ENTRY."

{¶17} "II. THE LOWER COURT ERRED AS A MATTER OF LAW BY FINDING THAT APPELLANT WAS IN CONTEMPT OF COURT FOR FAILING TO LIST THE MARITAL RESIDENCE FOR SALE."

**{¶18}** "III. IN THE EVENT A FINDING OF CONTEMPT WAS IN FACT PROPER, THEN THE LOWER COURT ERRED BY FAILING TO AFFORD APPELLANT THE OPPORTUNITY TO PURGE THE CONTEMPT FINDING."

**{¶19}** The appellant submits that the trial court erred in approving and adopting the Magistrate's Decision. We disagree.

## STANDARD OF REVIEW

**{¶20}** The appellant's assignments of error are interrelated, and as such we address them together.

**{¶21}** An appellate court's standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Sloat v. James*, 2009-Ohio-2849, (5th Dist.) ¶ 19. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**{¶22}** The burden of proof in a civil contempt action is proof by clear and convincing evidence. *Sloat*, supra, at ¶ 20. The determination of "clear and convincing evidence" is within the discretion of the trier of fact. *Id.* The trial court's decision should not be disturbed as against the manifest weight of the evidence if the decision is supported by some competent and credible evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978). A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidenced submitted before the trial court. *Geary v. Geary*, 2015-Ohio-259 (5th Dist.).

**ANALYSIS**

**{¶23}** In its review of the Magistrate Decision, the trial court considered that the Magistrate heard testimony and reviewed evidence presented at the October 16, 2023, show cause hearing, and was in the best position to ascertain the veracity of the parties. The Magistrate found that the appellant had failed to obey the Decree's "clear" requirement that she refinance or list the marital home for sale by May 22, 2022. In addition, the Magistrate determined that the appellant's allegation that the appellee stalled the loan modification process was not true since the appellee signed the necessary paperwork. The Magistrate further found that it did not alter the fact that the house was to be listed for sale if she could not refinance within the specified time.

**{¶24}** The Magistrate also found that the appellant had failed to "make her car payments when they were due." The Magistrate rejected the appellant's argument that the payments were still timely as long as she made them within the grace period and therefore avoided late fees, since the trial court had previously defined "timely payments" to be on or before the due date.

**{¶25}** The trial court conducted a hearing on the appellant's Objections to the Magistrate's Decision, and heard arguments from the parties. In addition, the trial court reviewed the transcript of the October 16, 2023, hearing before the Magistrate, as well as the record, including the Magistrate's Decision and the June 3, 2022 Judgment Entry. We therefore find that the trial court did not act unreasonably, arbitrarily, or unconscionably, and therefore did not abuse its discretion, when it found the Magistrate properly determined by clear and convincing evidence that the appellant was in contempt of court. Furthermore, in light of the evidence before the trial court, we cannot say that the trial

court abused its discretion in finding that the appellant had failed to satisfy the purge conditions set forth in the June 2, 2022, Judgment Entry, and in finding the appellant in contempt of court for failing to list the marital residence for sale. Finally, we cannot say that the trial court abused its discretion when it did not afford the appellant the opportunity to purge the October 20, 2023, contempt finding in light of the appellant's continued failure to abide by the terms of the Decree and previous opportunities to purge for the same actions.

## CONCLUSION

{¶26} Based upon the foregoing, we find that the appellant's assignments of error numbers one, two and three are without merit, and are overruled. The judgment of the Stark County Court of Common Pleas, Family Court Division is hereby affirmed.

By: Baldwin, J.

Wise, John, P.J. and

King, J. concur.